# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENERAL STAR INDEMNITY COMPANY, a Delaware Corporation<br><br>*Plaintiff*<br><br>vs.<br><br>CHABAD OF CALIFORNIA, a California Corporation; and SIMCHA BACKMAN, an individual<br><br>*Defendants* | Case No. 3:21-cv-02062-L-MSB<br><br>**ORDER DISMISSING COMPLAINT FOR DECLARATORY RELIEF [ECF NO. 1.]** |

On December 9, 2021, Plaintiff General Star Indemnity Company ("General Star"), filed a Complaint for Declaratory Relief seeking a judicial declaration that it has no duty to defend or indemnify policy holders Chabad of California or Rabbi Backman in pending state court litigation.

**I.  BACKGROUND**

The Declaratory Judgment action in this Court stems from two separate lawsuits filed in San Diego Superior Court. Defendants Chabad of California ("Chabad") and Rabbi Simcha Backman ("Backman"), were sued in *Almog Peretz v. San Diego Guns LLC; Chabad of California; Chabad of Poway; Simcha*

*Backman; John Earnest; John A. Earnest; Lisa C. Earnest,* San Diego Superior Court Case No. 37-2020-00047963-CU-PO-CTL (the "Peretz" lawsuit), and in *Noya Dahan, et al. v. Chabad of California; Chabad of Poway; Simcha Backman; John T. Earnest*, San Diego Superior Court Case No. 37-2021-00014378-CU-PO-CTL (the "*Dahan*" lawsuit).

Both cases allege that on April 27, 2019, John T. Earnest entered Chabad of Poway synagogue located at 16934 Chabad Way, Poway, California, and fired his AR-15 assault rifle into the crowded room where congregants were engaged in worship. The cases allege that Earnest shot and killed congregant, Lori Gilbert-Kaye, and wounded Rabbi Yisroel Goldstein. Earnest retreated when his rifle jammed.

The *Peretz* complaint alleges that Almog Peretz and his eight-year-old minor niece, Noya Dahan, were hit by bullets and/or bullet fragments. The *Dahan* complaint alleges that Dahan was hit by bullets and/or bullet fragments. The *Peretz* lawsuit alleges a single cause of action for negligence against Chabad of California and Backman. The *Dahan* lawsuit alleges causes of action for negligence and negligent infliction of emotional distress against Chabad of California and Backman.

On January 28, 2022, this Court issued an Order to Show Cause directing each party to file a response explaining why the Court should not decline to exercise jurisdiction and dismiss the action. (Doc. No. 10). The parties' timely filed responses. For the reasons outlined below, the Court declines to exercise jurisdiction and dismisses the action.

## II. LEGAL STANDARD

An action seeking federal declaratory relief must initially present an actual case or controversy within the meaning of Article III, Section 2 of the United States Constitution. *Gov't Emps. Ins. Co. v. Dizol,* 133 F.3d 1220, 1222-23 (9th Cir. 1998). Federal district courts are courts of limited jurisdiction and have no

jurisdiction without specific constitutional or statutory authorization. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject-matter jurisdiction. *Thompson v. McCombe,* 99 F.3d 352, 353 (9th Cir. 1996). Subject-matter jurisdiction is conferred on federal courts either through federal question jurisdiction pursuant to 28 U.S.C. § 1331 or through diversity jurisdiction pursuant to 28 U.S.C. § 1332.  *Peralta v. Hispanic Bus., Inc.,* 419 F.3d 1064, 1068 (9th Cir. 2005). Diversity jurisdiction exists when there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

### III.   DISCUSSION

It appears the parties meet the requirements for diversity jurisdiction under 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000 and there is complete diversity among the parties.[1] However, federal jurisdiction is discretionary when the complaint is limited to claims under the Declaratory Relief Act.  *Dizol*, 133 F.3d at 1222-23.

The Declaratory Judgment Act permits a federal court to declare the rights and other legal relations of any interested party seeking such declaration. 28 U.S.C. § 2201(a). A district court has discretion to dismiss or stay the federal action where the case only involves declaratory relief pursuant to the Declaratory Judgment Act. *Argonaut Insurance Company v. St. Francis Medical Center*, 17 F.4th 1276, 1280 (9th Cir. 2021).   "In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Wilton v. Seven Falls, Co*., 515 U.S. 277, 288 (1995).  If the complaint includes independent claims

---

[1] Plaintiff General Star is a Delaware Corporation with its principal place of business in Stamford, Connecticut. Defendant Chabad of California is a California Corporation with its principal place of business in Los Angeles, California. Defendant Simcha Backman ("Rabbi Backman") is a citizen of the City of Glendale in Los Angeles, California.

seeking monetary relief a district court may exercise jurisdiction. *United Nat'l Ins. Co. v. R & D Latex Corp.*, 242 F.3d 1102, 1112-13 (9th Cir. 2001).

District courts may decide whether to exercise discretion even when no party has raised the issue. *Id*. at 1223. In making that determination, the district court considers the factors announced in *Brillhart*: "[t]he district court [1] should avoid needless determination of state law issues; [2] should discourage litigants from filing declaratory actions as a means of forum shopping; and [3] should avoid duplicative litigation." *Dizol*, 133 F.3d at 1225(*citing Brillhart v. Excess Ins. Co.*, 316 U.S. 491 (1942). In addition, a court may consider:

> whether the declaratory action will settle all aspects of the controversy; whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue; whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a "res judicata" advantage; or whether the use of a declaratory action will result in entanglement between the federal and state court systems. In addition, the district court might also consider the convenience of the parties, and the availability and relative convenience of other remedies.

*Dizol*. at 1225 n.5 (citation omitted).

### 1. Needless Determination of State Law Issues

A district court should decline to exercise jurisdiction where (1) the state law issues at stake are "the subject of a parallel proceeding in state court," (2) the action concerns an "area of law that Congress has expressly left to the states," and (3) "there is no compelling federal interest." *Continental Cas. Co. v. Robsac Industries*, 947 F.2d 1367, 1371 (9th Cir. 1991)(overruled on other grounds in *Dizol*, 133 F.3d at 1220); *Maryland Casualty Co. v. Knight*, 96 F.3d 1284, 1288 (9th Cir. 1996); *see also Chamberlain v. Allstate Ins. Co*., 931 F.2d 1361, 1366-67 (9th Cir. 1991)("[i]f there are parallel state proceedings involving the same issues and parties pending at the time the federal declaratory action is filed, there is a presumption that the entire suit should be heard in state court.") A court should

generally decline jurisdiction in insurance coverage actions brought in federal court that present only issues of state law while parallel proceedings are in state court. *Am. Nat. Fire Ins. Co. v. Hungerford*, 53 F.3d 1012, 1017 (9th Cir. 1995), (overruled in part by *Dizol*, 133 F.3d at 1220.)

    *a. Parallel State Court Proceedings*

As noted above, there are two state court actions pending that involve the same course of events allegedly giving rise to liability for the Defendants: *Peretz* and *Dahan*. Plaintiff General Star seeks a declaration that it has no duty under the Policy to defend or indemnify the Defendants in those actions and contends that the actions of the shooter qualify as an "Act of Terrorism" which is excluded from coverage under the policy. Resolution of the claims in this action necessarily implicates the same underlying factual inquiries as in the state court actions, and would rely on state law, therefore the state court is the more suitable forum. Allowing the current action to proceed would result in a "needless determination of state law issues." *Dizol*, at 1225. Thus, this factor weighs against the court exercising jurisdiction.

    *b. State Regulation of Insurance Law*

It is well established that Congress has left insurance law to be regulated by the states. *Cont'l Cas. Co.*, 947 F.2d at 1371("this case involves insurance law, an area that Congress has expressly left to the states through the McCarran–Ferguson Act. 15 U.S.C. §§ 1011–12 (1988)"). The present action concerns insurance coverage, accordingly, this factor weighs in favor of declining jurisdiction.

    *c. No Compelling Federal Interest*

The present case has no compelling federal interest. As the Ninth Circuit has explained, "where, as in the case before us, the sole basis of jurisdiction is diversity of citizenship, the federal interest is at its nadir. Thus, the *Brillhart* policy of avoiding unnecessary declarations of state law is especially strong here." *Cont'l. Cas. Co.*, 947 F.2d at 1371. Here, diversity is the sole basis of jurisdiction and the

claims concern state law issues regarding insurance, therefore there is no federal interest at stake

Consequently, the components of the first *Brillhart* factor weigh in favor of the Court declining jurisdiction. *Dizol*, 133 F.3d at 1225.

### 2. Discouraging Forum Shopping

The Court next considers whether there is evidence of forum shopping by the Defendant. "This factor usually is understood to favor discouraging an insurer from forum shopping, i.e., filing a federal court declaratory action to see if it might fare better in federal court at the same time the insurer is engaged in a state court action." *American Cas. Co. of Reading, Pennsylvania v. Krieger*, 181 F.3d 1113, 1119 (9th Cir. 1999). The court must determine whether a suit seeking declaratory relief is filed by an insurance company in reaction to an underlying state court action. "A declaratory judgment action by an insurance company against its insured during the pendency of a non-removable state court action presenting the same issues of state law is an archetype of what we have termed "reactive" litigation." *Cont'l Cas.*, 947 F.2d 1372.

Plaintiff contends there is no state court action seeking declaratory relief pending, and as a result, there is no presumption for dismissal on the ground of forum shopping. (Plaintiff Resp. OSC at 2). It is immaterial whether the pending state court cases contain a claim for declaratory relief for purposes of the second *Brillhart* factor. Instead, General Star filed the present action for declaratory relief in reaction to Defendants' request for indemnity in the underlying state court actions, therefore, "permitting [this action] to go forward when there is a pending state court case presenting [duplicative issues] would encourage forum shopping in violation of the second *Brillhart* principle." *Cont'l Cas.*, 947 F.2d at 1373. This factor thus weighs against the Court exercising jurisdiction.

### 3. Avoiding Duplicative Litigation

The final *Brillhart* factor directs a district court to avoid duplicative

litigation and wasting judicial resources. *See Dizol*, 133 F.3d at 1225. To determine whether Plaintiff is obligated to indemnify and defend Defendants Chabad of California and Rabbi Backman, the Court would look to the facts underlying the events that form the basis of the state court actions. In the *Peretz* and *Dahan* lawsuits, plaintiffs allege that Rabbi Backman and Chabad of California failed to use additional funds to improve security at Chabad of Poway prior to the shooting. (*Peretz* Compl. ¶¶ 33-44; *Dahan* Compl. ¶¶ 29-39). The plaintiffs in those actions allege negligence, intentional infliction of emotional distress, and other claims related to the events against all the defendants and seek damages. In the present case, Plaintiff contends that Chabad of Poway, where the shootings occurred, is not covered under the policy, and that neither Chabad of California, nor Rabbi Backman, were covered under the policy for the events that occurred at Chabad of Poway. (Compl. ¶¶ 21-42).

General Star's obligations to defend Defendants Chabad of California and Backman under the insurance policy can only be determined with reference to the same set of facts as those involved in the state court proceedings concerning the security measures taken prior to the shooting. As a result, it would waste judicial resources for this Court to retain jurisdiction by allowing duplicative litigation. *Employers Reinsurance Corp., v. Karussos*, 65 F.3d 796, 800 & no. 2 (9th Cir. 1995).

### 4. *Dizol* Factors

The remaining *Dizol* factors weigh in favor of this Court declining to exercise jurisdiction. First, if this Court retained jurisdiction and decided the declaratory relief issue, it would not settle all aspects of the litigation. Instead, it could potentially lead to piecemeal litigation because it would concern only defendants Rabbi Backman and Chabad of California, not the other named defendants. Second, the declaratory action could potentially clarify the legal relation between Plaintiff General Star and Defendants Rabbi Backman and

Chabad of California, but it would not address the relationships between all the parties at issue and would unnecessarily entangle the state and federal court systems. Third, the California Superior Court, San Diego County provides as convenient a forum as the Southern District of California.

When given the opportunity to defend jurisdiction in this Court, Plaintiff did not address the factors above, but requested that the Court refrain from deciding the jurisdictional issue until after the Defendants file their answer and potential counterclaims, to allow the parties more time to potentially settle the action and resolve the issues. (Plaintiff General Star Resp. to OSC [Doc. No. 11.]) The Court declines to defer resolution of this matter, and instead finds that the *Brillhart* and *Dizol* factors support dismissal of the action, as noted above.

### IV. CONCLUSION AND ORDER

For the foregoing reasons, the Court declines to exercise jurisdiction over the present action that raises only claims for declaratory relief and **DISMISSES** the action without prejudice.

**IT IS SO ORDERED**

Dated: April 6, 2022

Hon. M. James Lorenz
United States District Judge